GANDÍA, PLAINTIFF AND APPELLANT, *v.* STUBBE ET AL., DEFENDANTS AND APPELLANTS. (TRIAS ÈT AL., DEFENDANTS AND APPELLEES.)

APPEALS from the First District Court of San Juan in Actions for Liquidation of Partnership. — Memorandum of Costs.

Nos. 2899 and 2903.—Decided May 12, 1923.

DISTRICT COURT OF SAN JUAN—TRANSFER OF CASE—APPEAL—REMAND—JURISDICTION—MEMORANDUM OF COSTS.—In accordance with section 3 of the Act of March 14, 1907, the judge of one section of the District Court of San Juan could transfer at his discretion to the other section a case in which judgment had been rendered and appealed from and the transcript was pending approval; therefore, although the judgment on appeal remanded the case to the section of the court whence the appeal had come up, the section to which the case was transferred had jurisdiction to proceed with the action and consequently to consider the memorandum of costs filed, especially when the court created to succeed the section to which the case was transferred had jurisdiction of the case under the law in force at the time of the remand.

COUNSEL FEES—APPEAL—REDUCTION OF FEES.—An appeal was taken from an order allowing $3,000 for counsel fees. The Supreme Court reduced the amount to $1,500 on the ground that although the case was complicated it had been made so to a great extent unnecessarily and that, besides, several

of the questions involved were decided against the party to whom the counsel fees were allowed.

COSTS—APPEAL—DISCRETION OF COURT.—The Supreme Court will not interfere with the ruling of the court below in fixing the amount of the items of the memorandum of costs unless a clear abuse of discretion is shown.

The facts are stated in the opinion.

*Mr. José Guzmán Benítez* for the plaintiff.

*Messrs. C. Coll Cuchí* and *G. Cruzado Silva* for the defendants.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

These are two appeals taken separately from the same order. We will examine collectively the questions involved in both appeals, for in that manner a more exact and complete opinion of them may be formed.

This Supreme Court having rendered final judgment in appeal number 2118 in the action brought by Pedro Gandía against Arturo Trías and Johann D. Stubbe in the matter of the liquidation of the mercantile firm, the defendants were adjudged to pay the costs.

The case was remanded to the district court for the execution of the judgment and the plaintiff filed a memorandum of costs amounting to $10,865.72. The parties were heard and on August 4, 1922, the court made the order appealed from which reads in part as follows:

"The court approves the memorandum of costs, reducing the item of 'Fees of witnesses' to $20.70.

"The item of 'Necessary expenses' is reduced to $173.65.

"The item of 'Attorney's fees' is reduced to $3,000.00."

In their brief as appellants the defendants assign error as follows: 1, In ruling on the memorandum of costs without having jurisdiction of the action; 2, in failing to decide the question of jurisdiction raised; 3, in allowing the sum of $3,000 as attorney's fees.

Let us examine the first assignment. We have already said that the judgment sent down for execution was ren-

dered by this Supreme Court which reversed the judgment appealed from and rendered the judgment that the district court should have rendered. The judgment reversed had been rendered by the Second Section of the District Court of San Juan, presided over by Judge Rossy, and to the said section of the court the case was ordered to be remanded. However, the case was finally sent by the Secretary of the Supreme Court. to the First District Court of San Juan on account of his having received from the clerk of the Second District Court of San Juan a copy of an order made in the case on November 24, 1919, transferring it to the then First Section, the judge acting *motu proprio.*

The record being filed in the First District Court, the plaintiff filed his memorandum of costs and the defendants their opposition also in that court. The latter pleading begins as follows: ''That the court has no jurisdiction to consider this memorandum of costs.'' Then, and without any reservation, the defendants object to the different items of the memorandum, concluding as follows: ''For all of which the defendants pray the court to enter an order regarding the costs in accordance with this opposition.''

Without considering the matter of whether or not the so-called question of jurisdiction was properly raised, we will say that while the case was pending in the district court the plaintiff came before this Supreme Court and prayed for an express holding that the First District Court should execute the judgment. The parties were heard and the plaintiff's petition was denied. In the opinion then delivered it was said:

''In our opinion, at the present stage of the proceedings the order prayed for by the plaintiff can not be made. He in fact obtained what he is praying for. He only desires that the court sanction the action of its secretary; but this is prayed for after a question of jurisdiction has been raised in the inferior court.

''If the order of transfer is valid, the fact that it was said

expressly in our judgment that it should be remitted to the Second Section is without importance. Judgments are to be executed and if the case was not in the Second Section it is clear that the judgment should have been executed in the court to which the case had been validly transferred. But we understand that we are not in a position to decide now whether or not the said order of transfer was lawfully made.''

When the transfer was ordered the District Court of San Juan was divided in two sections, the law applicable being section 3 of the Act of March 14, 1907, to define the jurisdiction of each of the two sections of the district court for the judicial district of San Juan, which reads in part as follows:

"That the two judges of the said district court of San Juan may in their discretion transfer any civil cases or matters that may be at any time pending in either of the sections of said court to the other section of the same   *   *   *.''

This being so, we are of the opinion that the order is valid, for while it is true that when the transfer was ordered judgment had already been entered in the case and an appeal had been taken therefrom, it is also true that there arose difficulties in connection with the approval of the transcript of the record and undoubtedly it was for this reason that judge Rossy ordered the transfer.

Besides, when the case was remanded for the execution of the judgment rendered by the Supreme Court, the said Act of 1907 had been repealed. Act No. 41 of 1921 had created two courts within the district, that of the first subdistrict having jurisdiction of actions originating in San Juan, and the action in which the memoradum of costs was presented was in the matter of the liquidation of the mercantile partnership of Gandía & Stubbe of San Juan, P. R.

Therefore, the first and second assignments of error are without merit. It can not be held that the court failed to

decide all of the questions raised. In deciding the case as it did it tacitly held that it had jurisdiction.

As to the attorney's fees allowed, and passing upon the third and last assignment of error, we will say that they really seem to be excessive. Although the suit was a complicated one, the complication was in a great measure unnecessary. Furthermore, on several of the questions involved the court held that the plaintiff was wrong. Under all of these circumstances we think the sum of $1,500 is reasonable.

In the appeal taken by the plaintiff errors are assigned as follows: 1, In not finding that the item of $71 for fees of witnesses was proved; 2, in reducing the said item to $20.70; 3, in reducing the item of necessary expenses to $173.65; 4, in not finding that the fair amount of the attorney's fees was that fixed in the memorandum.

Assignments 1, 2 and 3 may be examined together. It is true that in the case of *Finlay* v. *Fabián*, 25 P. R. R. 48, this court held that "as to whether the defeated party should pay the expenses incurred in traveling to another district depends upon whether or not the travel was necessary for the purposes of the action," and that the fact that the item was not totally disallowed in this case indicates that the district judge considered necessary the testimony of the witness who came from Yauco and whose expenses are claimed. But although this is so, that acknowledgment on the part of the judge does not bind him to accept as true and just the amount claimed. Generally it is reasonable mileage in accordance with the rules fixed for government witnesses. Perhaps that was the rule followed by the district judge, and no abuse of discretion having been shown, his ruling can not be reversed.

The same is true as to the reduction made by the judge in the item of "necessary expenses." A clear abuse of discretion in weighing the evidence has not been shown.

With regard to the attorney's fees, the plaintiff has made strenuous efforts to show that the amount of $7,865 claimed is fair and just, but we have already expressed our opinion on this matter in the appeal of the defendant.

By reason of all of the foregoing the order appealed from should be modified by reducing the item of attorney's fees, and affirmed as modified.

*Modified and affirmed.*

Mr. Justice Aldrey concurred.

Mr. Justice Wolf concurred in the judgment.

Mr. Justice Hutchison concurred in the opinion and judgment except as to the reduction of the amount of counsel fees.

Mr. Justice Franco Soto took no part in the decision of this case.